

FILED

06/08/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0611

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### DA 20-0611

_____

TERRY WALLACE,

    Plaintiff and Appellant,

v.

LAW OFFICE OF BRUCE SPENCER, PLLC,
LPH, INC, a Montana Corporation, GEISZLER
STEELE, PC, and John Does 1-5,

    Defendants and Appellees.

_____

FILED

JUN 0 8 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

Self-represented Appellant Terry Wallace moves this Court to: (1) disqualify this Court, en banc, from hearing this appeal; (2) remand the case to the Lewis and Clark County District Court due to newly discovered evidence, and (3) order a temporary stay until the issues on remand are completed. Through counsel, Appellees Law Office of Bruce Spencer, LPH, Inc., and Geiszler Steele (collectively the Business Entities), respond in opposition.

Wallace contends that this appeal should be stayed temporarily "and remanded to the district court to determine if the evidence influenced the judgment against Wallace." He argues "newly discovered evidence has revealed this Court's longstanding prejudice against him and that it would be impossible for him to have a fair and impartial determination of his appeal by the current sitting court[.]" Wallace also alleges that Bruce Spencer is an employee of the Judge and Chief Justice. Wallace concludes that "widespread unethical conduct" exists and there is an appearance of impropriety between Bruce Spencer, District Court Judge Mike Menahan, and Chief Justice Mike McGrath.

The Business Entities put forth that this Court should deny Wallace's consolidated motions because Wallace has provided no basis in fact, no basis in law, or no applicable legal authority for support of his motions. The Business Entities explain that Wallace cites

to case law from other states and not Montana. The Business Entities further explain that in Wallace's Motion to Disqualify, Wallace relies on "his own baseless and oft-repeated allegations of this Court's and the District Court's asserted bias against him, false and immaterial statements concerning Bruce Spencer's work on behalf of the State Bar of Montana, and his unsupported and opportunistic spin on public information." They point to Wallace's continuing behavior of asserting bias from this Court against him. The Business Entities summarize Wallace's accusations about bias because prior District Courts' and this Court's decisions either ruled against him or his clients.

The Business Entities point out that Bruce Spencer is not an employee of either this Court or the District Court and that Bruce Spencer engaged in authorized lobbying activities for the State Bar of Montana. They further point out that Wallace appeals an October 20, 2020 Order granting their Motion for Summary Judgment, which was decided months before Bruce Spencer's activity on behalf of the Montana State Bar. The Business Entities contend that Wallace rehashes prior decisions from this Court and District Courts. They conclude that nothing in Wallace's motions support disqualification, remand, or a stay.

We find the Business Entities' arguments dispositive and conclude that Wallace provides no basis in law or fact to support his motions. It is apparent that Wallace desires a different outcome to prior decisions. *See Devlin v. Christopher*, No. OP 17-0372, 2017 Mont. LEXIS 635, \*5 (Jul. 11, 2017) (Petitioner Chuck Devlin sought a different outcome over a decade, including disqualification of the District Court Judge, for his 2007 convictions). This Court has explained before that in being "mindful" of Rule 2.7 of the Judicial Code of Conduct: "A judge shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.12 or other law." *Reichert v. State*, 2012 MT 111, ¶ 49, 365 Mont. 92, 278 P.3d 455. Wallace's consolidated motions lack merit. Wallace has not demonstrated any legal reason for disqualification, remand, or a stay. *See* § 3-1-803, MCA; M. R. App. P. 16(1), 19(1)(c) and 22(2)-(4). This appeal should proceed. We observe that Wallace's reply brief is due on or before July 8, 2021. Accordingly,

2

IT IS ORDERED that Wallace's Consolidated Motions are DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Terry Wallace personally.

DATED this 8 day of June, 2021.

                                                        Justices